# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS JAMES LEBICH,

          Plaintiff,

v.

C.O. CONARD, C.O. NIETZEL, ROBERT HUMPHREYS, and TOM POLLARD,

          Defendants.

Case No. 17-CV-1490-JPS

**ORDER**

      Plaintiff Travis James Lebich, who is incarcerated at Kettle Moraine Correctional Institution ("KMCI"), proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $14.04. *See* 28 U.S.C. § 1915(b)(1).

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on July 20, 2017, while incarcerated at KMCI, correctional officers Conard and Nietzel woke him to perform a urine analysis. (Docket #1 at 3). Prior to the analysis, Plaintiff was strip searched in the bathroom. *Id.* Conard, who is presumably male, actually performed the search in the shower area. *Id.* Nietzel, identified as female, could see Plaintiff being searched from her place at the officer's station. *Id.* The officers also allowed other inmates in to use the bathroom while Plaintiff was naked. *Id.* at 4. Plaintiff asked Conard to perform the search with the shower curtain drawn, but Conard refused. *Id.* at 3. Plaintiff says the urine analysis was done in retaliation for Plaintiff "sticking up for two fellow inmates" the day before. *Id.* at 4. Apparently, an officer Lamb was upset by Plaintiff's actions and put in motion the events which led to the urine analysis and strip search. *Id.* Plaintiff seeks money damages from each defendant. *Id.* at 5. He also requests that policies be implemented at KMCI

to exclude opposite-gender officers from participating in a strip search, and requiring that such searches be conducted in a closed-off area. *Id.*

Plaintiff's allegations, liberally construed, state a claim against Conard and Nietzel for violating his Eighth Amendment right against cruel and unusual punishment. As the Seventh Circuit explains, "the Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'" *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Strip searches can violate this rule by producing psychological, rather than physical, pain. *Id.* While "[t]here is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners," strip searches are not *per se* improper. Even a "strip search of a male prisoner in front of female officers, if conducted for a legitimate penological purpose, would fail to rise to the level of an Eighth Amendment violation." *Id.* To state a valid claim, the prisoner must allege "that the strip search in question was not merely a legitimate search conducted in the presence of female correctional officers, but instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain." *Id.*

Plaintiff has done so. He alleges that the urine analysis, and the resultant search, was merely retaliatory and not based on a legitimate penological concern. Plaintiff's claim extends not only to Nietzel's presence as a female officer, but also to the officer's decision to allow other inmates into the bathroom while Plaintiff was naked. *See Chatman v. Ill. Dep't of Corr.*, 685 F. App'x 487, 489 (7th Cir. 2017). He cannot proceed against the officers on his claims relating to strip search policies, however. The complaint offers

no indication that the officers have the authority to change or enact prison-wide policies.

Plaintiff may not proceed against Robert Humphreys or Tom Pollard. Their only mention in the complaint is that they worked at KMCI. (Docket #1 at 2). There is no indication of what their role was in allegedly violating Plaintiff's constitutional rights. Assuming that they had a supervisory role, they are not liable for Conard and Nietzel's conduct simply because of that fact. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right.") (quotation omitted).

In sum, the court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): cruel and unusual punishment by Defendants C.O. Conard and C.O. Nietzel, in violation of the Eighth Amendment, for strip searching Plaintiff without penological justification and intending to humiliate him.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Robert Humphreys and Tom Pollard be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically

sent today to the Wisconsin Department of Justice for service on the state defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge