# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS JAMES LEBICH,

            Plaintiff,

v.

MATTHEW CONARD and ALLISON NEITZEL,

            Defendants.

Case No. 17-CV-1490-JPS

**ORDER**

## 1.    INTRODUCTION

On December 5, 2017, the Court screened Plaintiff's complaint. (Docket #7). The complaint alleged that Defendants violated the Eighth Amendment's proscription against cruel and unusual punishment when they strip searched Plaintiff in view of other inmates and a female guard. *Id.* at 3-4. On July 31, 2018, Defendants moved for summary judgment. (Docket #19). Plaintiff's response to the motion was due on or before August 30, 2018. Civ. L. R. 7(b). That deadline has passed and no response has been received. The Court could summarily grant Defendants' motion in light of Plaintiff's non-opposition. Civ. L. R. 7(d). However, as explained below, Defendants also present valid bases for dismissing Plaintiff's claim. For both of these reasons, Defendants' motion must be granted.

## 2.    PLAINTIFF'S MOTION TO DISMISS

Before discussing the merits of Defendants' motion, the Court will address Plaintiff's only submission since the motion was filed. On August 20, 2018, Plaintiff filed a motion for voluntary dismissal of this action. (Docket #26). Plaintiff claims that he lacks the funds to continue prosecuting

this case. *Id.* He requests that the Court dismiss this action without prejudice, to be re-filed when he has sufficient financial resources. *Id.*

Once a defendant has submitted an answer or a motion for summary judgment (both have been filed in this case), a plaintiff must seek court approval to voluntarily dismiss his lawsuit. Fed. R. Civ. P. 41(a)(2). The terms of such a dismissal are left to the court's discretion. *Id.*; *see Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). Rule 41(a)(2) "requires the plaintiff to persuade the district court and to establish that voluntary dismissal is warranted." *Tolle*, 23 F.3d at 177. In addition, the court should consider whether dismissal would result in "plain legal prejudice" to the defendant. *See Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988). Factors considered include the defendant's effort and expense of preparation for trial, insufficient explanation for the need to take a dismissal, excessive delay and lack of diligence on the plaintiff's part, and the fact that a motion for summary judgment has been filed. *See Fed. Deposit Ins. Corp. v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992).

The Court concludes that Plaintiff's motion for dismissal without prejudice must be denied. Plaintiff knew that he had limited financial resources prior to filing this action. *See* (Docket #5) (Plaintiff's prison trust account statement showing an average monthly balance of under $7.00). Rather than wait for his finances to improve, Plaintiff rushed to submit his lawsuit right away; the events of this case occurred on July 20, 2017, and Plaintiff filed the case on October 30, 2017. *See* (Docket #1). This was not necessary, of course, as the applicable statute of limitations is six years. Plaintiff has forced Defendants to defend this action and file a motion for summary judgment. Plaintiff cannot now complain that his decision to sue so quickly may have been improvident. Finally, Plaintiff suggests that

prison officials are to blame for his financial constraints because they have denied him a legal loan. (Docket #26). The Court is unsympathetic. Plaintiff alone is responsible for prosecuting this action and cannot avoid this burden by relying entirely on discretionary loans from the state. With the denial of Plaintiff's motion, the Court now turns to Defendants' motion for summary judgment.

**3.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

**4.     FACTUAL BACKGROUND**

The relevant facts are undisputed because Plaintiff failed to dispute them. He filed nothing in response to Defendants' motion, though he was repeatedly instructed that this was essential. *See* (Docket #11 at 2–3; Docket #19 at 3–12). Without any responsive materials from Plaintiff, the Court must treat Defendants' proposed findings of fact as undisputed. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

In light of this determination, the material facts are as follows. At the relevant time, Plaintiff was housed at Kettle Moraine Correctional Institution. Defendants Matthew Conard ("Conard") and Allison Neitzel ("Neitzel") were employed there as correctional officers. On July 20, 2017, Conard was ordered to perform a urinalysis on Plaintiff because drug paraphernalia was found in his cell. The same test was also performed on his cellmate.

Conard took Plaintiff to the bathroom to perform a strip search prior to obtaining the urine sample, which is standard prison practice. Neitzel was present within sight of the bathroom, but was positioned at the officers' station in such a way that she could not see Plaintiff himself. Additionally, no other inmates entered the bathroom during the search. The search was completed in two minutes and without complaint from Plaintiff. Plaintiff then produced the urine sample. The sample tested negative for narcotics, so Plaintiff was allowed to return to his cell.

Plaintiff's complaint alleged that the strip search and urinalysis were retaliatory, done at the request of an Officer Lamb ("Lamb") because of an altercation between Lamb and Plaintiff the day before. (Docket #7 at 3). Neither Conard nor Neitzel had any knowledge of the altercation. Their conduct was motivated solely by the discovery of drug paraphernalia (and orders from their superior), and not any issue between Plaintiff and Lamb.

5. **ANALYSIS**

As noted above, Plaintiff was allowed to proceed on a claim of cruel and unusual punishment under the Eighth Amendment. As the Seventh Circuit explains, "the Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of

suffering.'" *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Strip searches can violate this rule by producing psychological, rather than physical, pain. *Id.* While "[t]here is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners," strip searches are not *per se* improper. *Id.* Even a "strip search of a male prisoner in front of female officers, if conducted for a legitimate penological purpose, would fail to rise to the level of an Eighth Amendment violation." *Id.* However, "[e]ven where prison authorities are able to identify a valid correctional justification for the search, it may still violate the Eighth Amendment if conducted in a harassing manner intended to humiliate[.]" *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (quotation omitted).

Though Plaintiff's allegations supported his claim, the undisputed facts presented in Defendants' motion do not. Defendants did not act with a retaliatory motive. Their search was justified by the discovery of drug paraphernalia in Plaintiff's cell, thus leading to a legitimate penological concern: whether Plaintiff was using secretly using illegal drugs. The inference of retaliation is also defeated by the fact that Plaintiff's cellmate was subjected to the same search and urinalysis. Finally, the search and urine sampling were conducted quickly and by Conard alone, out of view of Neitzel or anyone else. In sum, there is no evidence that Defendants' conduct was animated by a desire to harass or humiliate Plaintiff, and the search and sampling were both done in a professional and reasonable manner.

6. **CONCLUSION**

On the undisputed facts presented, summary judgment is appropriate in Defendants' favor on Plaintiff's claim against them. The

Court must, therefore, grant Defendants' motion and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #19) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for voluntary dismissal (Docket #26) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge